STATE OF NORTH CAROLINA

Mecklenburg County _____ County

File No.
24CV024168-590

In The General Court Of Justice
☐ District ☒ Superior Court Division

**Name Of Plaintiff**
Maria St. Clair

**Address**
7228 Hidden Creek Drive

**City, State, Zip**
Charlotte, NC 28214

**VERSUS**

**Name Of Defendant(s)**
New Forum, Inc.

# CIVIL SUMMONS
☐ ALIAS AND PLURIES SUMMONS (ASSESS FEE)

G.S. 1A-1, Rules 3 and 4

**Date Original Summons Issued**

**Date(s) Subsequent Summons(es) Issued**

**To Each Of The Defendant(s) Named Below:**

| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
|---|---|
| New Forum, Inc.<br>Charles T. Hodges, Registered Agent<br>2127 Ayrsley Town Blvd., Suite 302<br>Charlotte, NC 28273 | |

⚠️ **IMPORTANT!** You have been sued! These papers are legal documents, DO NOT throw these papers out! You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!

**¡IMPORTANTE!** ¡Se ha entablado un proceso civil en su contra! Estos papeles son documentos legales. ¡NO TIRE estos papeles!
Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

**Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff)**
Christine A. Rodriguez
Law Office of Christine A Rodriguez
15720 Brixham Hill Avenue, Suite 310
Charlotte, NC 28277

**Date Issued** 5/28/2024  **Time** 3:39:33 pm  ☐ AM ☐ PM

**Signature** /s/ Norris Browne

☒ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court

☐ **ENDORSEMENT (ASSESS FEE)**
This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days.

**Date Of Endorsement**  **Time**  ☐ AM ☐ PM

**Signature**

☐ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court

**NOTE TO PARTIES:** Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.

(Over)

AOC-CV-100, Rev. 12/23
© 2023 Administrative Office of the Courts

**EXHIBIT A**

## RETURN OF SERVICE

I certify that this Summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|
|  |  |  |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Acceptance of service.
Summons and complaint received by: ☐ Defendant 1.
☐ Other: *(type or print name)*

| Date Accepted | Signature |
|---|---|

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|
|  |  |  |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Acceptance of service.
Summons and complaint received by: ☐ Defendant 2.
☐ Other: *(type or print name)*

| Date Accepted | Signature |
|---|---|

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid $ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (type or print) |
| Date Of Return | County Of Sheriff |

AOC-CV-100, Side Two, Rev. 12/23
© 2023 Administrative Office of the Courts

| STATE OF NORTH CAROLINA | File No. 24CV024168-590 |
|---|---|
| Mecklenburg County | In The General Court Of Justice<br>☐ District  ☒ Superior Court Division |

| Name And Address Of Plaintiff 1 | |
|---|---|
| Maria St. Clair<br>7228 Hidden Creek Drive<br>Charlotte, NC 28214 | **GENERAL<br>CIVIL ACTION COVER SHEET**<br>☒ INITIAL FILING  ☐ SUBSEQUENT FILING |
| Name And Address Of Plaintiff 2 | |
| | Rule 5(b) of the General Rules of Practice for the Superior and District Courts |

**VERSUS**

| Name And Address Of Defendant 1 | Name And Address Of Attorney Or Party, If Not Represented (complete for initial appearance or change of address) |
|---|---|
| New Forum, Inc.<br>2127 Ayrsley Town Blvd, Suite 302<br>Charlotte, North Carolina 28273 | Christine A. Rodriguez<br>Law Office of Christine A Rodriguez<br>15720 Brixham Hill Avenue, Suite 310<br>Charlotte, NC 28277 |
| Summons Submitted<br>☒ Yes  ☐ No | Telephone No. (704) 981-1737 / Cellular Telephone No. (917) 558-6577 |
| | NC Attorney Bar No. 54143 / Attorney Email Address christine@crodriguezlaw.com |
| Name And Address Of Defendant 2 | ☒ Initial Appearance in Case  ☐ Change of Address |
| | Name Of Firm: Law Office of Christine A Rodriguez / Fax No. |
| Summons Submitted<br>☐ Yes  ☐ No | Counsel For<br>☒ All Plaintiffs  ☐ All Defendants  ☐ Only: (list party(ies) represented) |

☐ Jury Demanded In Pleading  ☐ Complex Litigation  ☐ Stipulate to Arbitration

**TYPE OF PLEADING**

(check all that apply)

| | |
|---|---|
| ☐ Amend (AMND) | ☐ Failure To State A Claim (FASC) |
| ☐ Amended Answer/Reply (AMND-Response) | ☐ Implementation Of Wage Withholding In Non-IV-D Cases (OTHR) |
| ☐ Amended Complaint (AMND) | ☐ Improper Venue/Division (IMVN) |
| ☐ Assess Costs (COST) | ☐ Including Attorney's Fees (ATTY) |
| ☐ Answer/Reply (ANSW-Response) (see Note) | ☐ Intervene (INTR) |
| ☐ Change Venue (CHVN) | ☐ Interplead (OTHR) |
| ☒ Complaint (COMP) | ☐ Lack Of Jurisdiction (Person) (LJPN) |
| ☐ Confession Of Judgment (CNFJ) | ☐ Lack Of Jurisdiction (Subject Matter) (LJSM) |
| ☐ Consent Order (CONS) | ☐ Modification Of Child Support In IV-D Actions (MSUP) |
| ☐ Consolidate (CNSL) | ☐ Notice Of Dismissal With Or Without Prejudice (VOLD) |
| ☐ Contempt (CNTP) | ☐ Petition To Sue As Indigent (OTHR) |
| ☐ Continue (CNTN) | ☐ Rule 12 Motion In Lieu Of Answer (MDLA) |
| ☐ Compel (CMPL) | ☐ Sanctions (SANC) |
| ☐ Counterclaim (CTCL) Assess Court Costs | ☐ Set Aside (OTHR) |
| ☐ Crossclaim (list on back) (CRSS) Assess Court Costs | ☐ Show Cause (SHOW) |
| ☐ Dismiss (DISM) Assess Court Costs | ☐ Transfer (TRFR) |
| ☐ Exempt/Waive Mediation (EXMD) | ☐ Third Party Complaint (list Third Party Defendants on back) (TPCL) |
| ☐ Extend Statute Of Limitations, Rule 9 (ESOL) | ☐ Vacate/Modify Judgment (VCMD) |
| ☐ Extend Time For Complaint (EXCO) | ☐ Withdraw As Counsel (WDCN) |
| ☐ Failure To Join Necessary Party (FJNP) | ☐ Other (specify and list each separately) |

NOTE: All filings in civil actions shall include as the first page of the filing a cover sheet summarizing the critical elements of the filing in a format prescribed by the Administrative Office of the Courts, and the Clerk of Superior Court shall require a party to refile a filing which does not include the required cover sheet. For subsequent filings in civil actions, the filing party must include either a General Civil (AOC-CV-751), Motion (AOC-CV-752), or Court Action (AOC-CV-753) cover sheet.

AOC-CV-751, Rev. 3/19, © 2019 Administrative Office of the Courts    (Over)

Electronically Filed Date: 5/28/2024 3:32 PM Mecklenburg County Clerk of Superior Court

Case 3:24-cv-00798-FDW-SCR   Document 1-2   Filed 08/30/24   Page 3 of 17

| | CLAIMS FOR RELIEF | |
|---|---|---|
| ☐ Administrative Appeal (ADMA) | ☐ Limited Driving Privilege - Out-Of-State Convictions (PLDP) | ☐ Product Liability (PROD) |
| ☐ Appointment Of Receiver (APRC) | | ☐ Real Property (RLPR) |
| ☐ Attachment/Garnishment (ATTC) | ☐ Medical Malpractice (MDML) | ☐ Specific Performance (SPPR) |
| ☐ Claim And Delivery (CLMD) | ☐ Minor Settlement (MSTL) | ☒ Other *(specify and list each separately)* |
| ☐ Collection On Account (ACCT) | ☐ Money Owed (MNYO) | Employment Discrimination (Race and Gender) Title VII, NC Public Policy |
| ☐ Condemnation (CNDM) | ☐ Negligence - Motor Vehicle (MVNG) | |
| ☐ Contract (CNTR) | ☐ Negligence - Other (NEGO) | |
| ☐ Discovery Scheduling Order (DSCH) | ☐ Motor Vehicle Lien G.S. Chapter 44A (MVLN) | |
| ☐ Injunction (INJU) | ☐ Possession Of Personal Property (POPP) | |

| Date | Signature Of Attorney/Party |
|---|---|
| | |

**FEES IN G.S. 7A-308 APPLY**
Assert Right Of Access (ARAS)
Substitution Of Trustee (Judicial Foreclosure) (RSOT)
Supplemental Procedures (SUPR)

**PRO HAC VICE FEES APPLY**
Motion For Out-Of-State Attorney To Appear In NC Courts In A Civil Or Criminal Matter (Out-Of-State Attorney/Pro Hac Vice Fee)

| No. | ☐ Additional Plaintiff(s) |
|---|---|
| | |
| | |
| | |
| | |
| | |

| No. | ☐ Additional Defendant(s)     ☐ Third Party Defendant(s) | Summons Submitted |
|---|---|---|
| | | ☐ Yes ☐ No |
| | | ☐ Yes ☐ No |
| | | ☐ Yes ☐ No |
| | | ☐ Yes ☐ No |
| | | ☐ Yes ☐ No |

*Plaintiff(s) Against Whom Counterclaim Asserted*

*Defendant(s) Against Whom Crossclaim Asserted*

AOC-CV-751, Side Two, Rev. 3/19
© 2019 Administrative Office of the Courts

**STATE OF NORTH CAROLINA**
**COUNTY OF MECKELNBURG**

| | |
|---|---|
| MARIA ST. CLAIR, | IN THE GENERAL COURT OF JUSTICE |
| Plaintiff, | SUPERIOR COURT DIVISION |
| -against- | _____CV_____ |
| NEW FORUM, INC. | **COMPLAINT** |
| Defendant. | **(JURY TRIAL DEMANDED)** |

Plaintiff Maria St. Clair (herein "Plaintiff" or "Ms. St. Clair by and through her attorneys, the Law Office of Christine A. Rodriguez, files this Complaint for damages and other relief, against Defendant New Forum, Inc. (herein "Defendant" or "New Forum") and alleges as follows:

## INTRODUCTION AND NATURE OF THE ACTION

1. Defendant unlawfully discriminated and retaliated against Ms. St. Clair because of her gender and race, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., ("Title VII") and the North Carolina Equal Employment Practices Act, NC 6.S. 143-422.2, et seq, against North Carolina State Public Policy and all other applicable federal, state and local statutes.

2. New Forum discriminated against Plaintiff when, on December 19, 2022, only about two months after Ms. St. Clair was hired as a Senior Human Resources Generalist for the Defendant in October 2022, she was told that she was "not a good cultural fit for New Forum" and fired.

3. Defendants took this adverse employment action against the Plaintiff after she complained about being harassed, bullied and intimidated by colleagues and managers, all of

whom were Caucasian, under the encouragement of a Caucasian male manager, to whom she had to give direction concerning human resources issues and New Forum employees.

4. During her employment with the Defendant, Plaintiff was the only black female in management and the only human resources staff at New Forum, due in part because the Human Resources Director who hired Ms. St. Clair (also female) suddenly resigned a few weeks after Plaintiff was hired.

5. Plaintiff observed that women were disciplined more harshly than men at New Forum, that the white male Director of Food Service bullied the female Human Resources Director before she resigned and began to bully Plaintiff when she took on her responsibilities and her authority, while white male staff were not treated in the same manner.

6. Plaintiff complained to New Forum's Chief Financial Officer and their Vice President of Legal, only to receive a negative performance evaluation and then be fired about a month later.

7. As a result of Defendant's unlawful discriminatory employment practices in violation of Title VII, North Carolina state law and public policy and all other applicable federal, state and local statutes, Plaintiff has suffered and continues to suffer irreparable injury; monetary damages; and damages for mental anguish and humiliation.

## PARTIES, JURISDICTION, AND VENUE

8. The employment practices alleged to be unlawful were committed within the jurisdiction of Mecklenburg County, North Carolina.

9. Ms. St. Clair is a black woman, who resides in North Carolina, is a citizen of the United States, and is expressly authorized to bring this action. All facts alleged occurred in Mecklenburg County, NC.

10. Ms. St. Clair was employed by the Defendant from October 17, 2022 until December 19, 2022 at their Charlotte, North Carolina location.

11. Defendant is and was at all times relevant to the facts alleged in this action, a corporation formed under laws of the State of North Carolina with its principal place of business at 2127 Ayrsley Town Blvd., Charlotte, in Mecklenburg County, North Carolina.

12. During all relevant times, Defendant was Ms. St. Clair's employer within the meaning of all applicable statues.

13. At all relevant times, Defendant employed more than fifteen(15) people.

14. This Court has jurisdiction over this action pursuant to N.C. Gen. Stat. § 7A-240 and other applicable laws.

15. Plaintiff seeks damages in a sum sufficient that subject matter is properly vested in the Superior Court Division pursuant to N.C. Gen. Stat. § 7A-243.

16. All conditions precedent to the institution of this lawsuit have been fulfilled.

17. More than thirty (30) days prior to the institution of this lawsuit, on or about January 9, 2023, Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") alleging violations of Title VII by Defendant.

18. On or about February 28, 2024, the Plaintiff received a Notice of Right to Sue from the EEOC to Plaintiff.

19. Ms. St. Clair exhausted her administrative remedies and complied with all statutory prerequisites to her Title VII claims.

20. Plaintiff commenced this action within 90 days of her receipt of the Notice of Right to Sue.

## FACTUAL ALLEGATIONS

21. New Forum initially hired the Plaintiff as a Senior Human Resources Generalist on or about October 17, 2022.

22. About two weeks after Plaintiff was hired, the Human Resources Director who brought her on and was training Plaintiff for her role suddenly resigned.

23. Like Plaintiff, the Human Resources Director, Kim Boyko is a female and she informed Plaintiff about how she had been bullied and harassed by white male managers at New Forum.

24. Once the Human Resources Director resigned, New Forum's Chief Financial Officer informed the Plaintiff that no one would be hired for that role and Plaintiff was tasked with all the former Human Resources Director's job responsibilities.

25. Soon after Ms. Boyko's departure, Ms. St. Clair began to observe and experience behavior that was misogynistic and bullying, like what Ms. Boyko described and what likely prompted Ms. Boyko's resignation.

26. Plaintiff endured almost daily bullying, aggressive communication and yelling from New Forum's managers, particularly John McGlone (Caucasian male).

27. Almost immediately after Ms. Boyko's departure, Mr. McGlone summoned the Plaintiff for a "2 minute" meeting at the end of the business day that turned into a two-hour session during which Mr. McGlone intimidated Ms. St. Clair by speaking to her in an aggressive manner, essentially schooling her on how she should manage her human resources responsibilities and on what direction he would take (and not take) concerning the management of his staff from Ms. St. Clair in her human resources role.

28. McGlone also lectured Ms. St. Clair on company culture and who the players were historically, which she understood were primarily Caucasian, mostly male management, and that Mr. McGlone did not expect to take direction from anyone else, especially someone like her.

29. October 26, 2022, New Forum's Chief Operating Officer Tyler Steele (Caucasian male) came to Ms. St. Clair's office with Chief Financial Officer Amanda Gardner (Caucasian female) to ask Ms. St. Clair to find a way to fire a female employee who was out on Family Medical Leave Act protected leave for a pregnancy. The Plaintiff resisted the direction as an unlawful employment action.

30. McGlone continued to bully and harass Plaintiff daily and encouraged his direct report, Kelly Roper (Caucasian female), to undermine the Plaintiff's authority and thwart her ability to undertake her human resources responsibilities.

31. Roper refused to respond to Plaintiff's repeated email requests for information regarding human resources personnel issues and related actions.

32. The Plaintiff discovered that Roper was stealing from the company and recommended that she be terminated, which only resulted in an escalation of bullying behavior from McGlone towards Ms. St. Clair.

33. On November 8, 2022, Ms. St Clair submitted her first written complaint to CFO Amanda Gardner about McGlone and what he allowed Roper to do.

34. Gardner responded by instructing Ms. St. Clair should take a step back, start fresh with Mr. McGlone and told her that there was no need to investigate her concerns.

35. After Plaintiff sent her first complaint to the CFO, Mr. McGlone once again approached Ms. St. Clair in her office after hours to berate her for her human resource related activities, which at the time included, among other compliance related tasks, verifying I-9

documentation and requesting that several employees who could not provide the requisite documentation be terminated.

36. Ms. St Clair had also identified some payroll anomalies in Mr. McGlone's division and recommended the termination of a white male employee who was responsible, to which Mr. McGlone vehemently objected.

37. After the Plaintiff authorized the termination of two employees who had failed to provide I-9 documentation after months of ignoring requests for that information, Mr. McGlone accused Ms. St. Clair of not being collaborative simply because she defended her actions when questioned about her decision by another manager.

38. On or about November 18, 2022, Ms. St. Clair contracted COVID 19 and was out of work until November 28, 2022. Upon her return, on November 30, 2022, she received a negative 30-day performance review which criticized her communication with staff, primarily that between her and Mr. McGlone, Ms. Roper and Emily Messina (Caucasian female).

39. Ms. Messina continually questioned Ms. St. Clair's role, interfered in her human resources responsibilities and undermined her authority although she was not in the human resources department.

40. After the Plaintiff received her negative 30-day performance review, on or about December 4, 2022, she again wrote to Ms. Gardner to specifically outline how and why she believed that this was retaliation for her original complaint, which she had been told would not be investigated.

41. Ms. Gardner acknowledged the new retaliation complaint and suggested that it would be added to the "continued" investigation of her original complaint.

42. Ms. St. Clair also met with New Forum's in-house counsel, Mark Good (Caucasian male) to discuss her concerns.

43. During one of those meetings, Mr. Good told Ms. St. Clair that he had already had several conversations with Mr. McGlone about disparity.

44. Ms. St. Clair followed up with several additional updated complaints to Ms. Gardner and Mr. Good throughout December 2022.

45. In her last updated complaint, Ms. St. Clair reported that she overheard Ms. Messina expressing her pleasure that Ms. St. Clair would soon be fired because she had "stepped on some toes" and she "could not wait" for that to happen.

46. This was after Ms. St. Clair had already met with in-house counsel Mr. Good who had assured her that all her concerns (discrimination, violation of company rules, compliance issues, theft of company funds, payroll issues) would be investigated and addressed.

47. Instead, on December 19, 2022, Plaintiff was called in to a meeting with Amanda Gardner and Mark Good. During that meeting, Ms. Gardner told the Plaintiff that she had come to realize that Ms. St. Clair was "not a good cultural fit for New Forum," and she was fired.

48. Ms. Gardner also told Ms. St. Clair that Mr. Good would continue to investigate her complaints. Nothing more was ever communicated to the Plaintiff about her complaints once she was fired.

## COUNT I
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
### (Sex and Race Discrimination – 42 U.S.C. §2000e(k))

49. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 48 as if fully set forth herein.

50. Plaintiff is a black woman, both protected classes under Title VII.

51. Plaintiff was bullied, harassed and intimidated by a Caucasian male manager, and by other Caucasian staff who were encouraged, aided and abetted by their Caucasian male manager to harass Plaintiff, undermine her authority and thwart her ability to do her job and undertake her responsibilities as the only staff in Defendant's human resources department. Plaintiff also observed that female staff would were subjected to unfair and unlawful employment actions whereas male Caucasian employees were not disciplined for misconduct, to which she objected to management.

52. Plaintiff was well qualified in her position in human resources.

53. Plaintiff adequately and satisfactorily performed the essential functions of her position throughout her employment with Defendant, however, the Defendant gave the Plaintiff a negative performance evaluation based on her alleged inability to communicate with the very employees that were bullying, harassing and intimidating her and about whom she had complained.

54. Plaintiff was the only black female in a management position (position with management responsibilities) at the time she was employed by Defendant.

55. All the employees that Plaintiff complained were bullying, harassing and intimidating her were Caucasian.

56. The manager who bullied Plaintiff the most and fostered a culture and environment of harassment, intimidation and bullying harassment among his reports and cohorts towards Plaintiff was a Caucasian male, which Defendant's counsel admitted to Plaintiff had issues with disparity.

57. The practices complained of above are unlawful and in violation of the Title VII of the Civil Rights of 1964, as amended.

58. The practices complained of above have deprived Plaintiff of equal employment opportunities and have otherwise adversely affected her status as an employee because of her gender and race.

59. The practices complained of above were intentional.

60. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff suffered actual damages including but not limited to back pay, front pay, losses in compensation and benefits, humiliation, emotional distress, and loss of enjoyment of life in excess of the jurisdictional minimums and to be more fully determined at trial, plus interests and costs.

## COUNT II
## RETALIATION
### (Title VII)

61. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 60 as if fully set forth herein.

62. Beginning in or about November 2022 and until the Plaintiff's employment was terminated by the Defendant on or about December 19, 2022, Plaintiff engaged in protected activities when she raised her complaints of gender and race discrimination to Defendant, who refused to even investigate or remedy her complaints.

63. Instead, Defendant took immediate adverse action against the Plaintiff after she complained of and opposed discrimination by giving her a negative performance evaluation, criticizing her ability to communicate with staff (often a racial and misogynistic trope) and firing her because she was "not a good cultural fit" (yet another trope) for the Defendant.

64. The practices complained of above are unlawful and in violation of the Title VII of the Civil Rights of 1964, as amended.

65. The practices complained of above have deprived Plaintiff of equal employment opportunities and have otherwise adversely affected her status as an employee because of her gender and race.

66. The practices complained of above were intentional.

67. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff suffered actual damages including but not limited to back pay, front pay, losses in compensation and benefits, humiliation, emotional distress, and loss of enjoyment of life in excess of the jurisdictional minimums and to be more fully determined at trial, plus interests and costs.

### COUNT III
### WRONGFUL TERMINATION IN VIOLATION OF THE NORTH CAROLINA EQUAL EMPLOYMENT PRACTICES ACT AND IN VIOLATION OF PUBLIC POLICY
### (N.C. Gen. Stat. § 143-422.1)

68. Plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs 1 through 67 as if fully set forth herein.

69. The public policy of North Carolina, as expressed in N.C. Gen. Stat. § 143-422.2, is to protect and safeguard the right and opportunity of all persons to seek, obtain and hold employment without discrimination or abridgement on account of sex or disability by employers which regularly employ fifteen (15) or more employees.

70. Defendant regularly employs over fifteen (15) employees.

71. The stated public policy recognizes that the practice of denying employment opportunity and discriminating in the terms of employment foments domestic strife and unrest, deprives the State of the fullest utilization of its capacities for advancement and development, substantially and adversely affects the interest of employees, employers, and the public in general.

72. Defendant's acts in allowing Ms. St. Clair to be discriminated against at the workplace and retaliating against her for complaining of and opposing that discrimination by firing her after she complained are in violation of the public policy of the State of North Carolina.

73. The practices complained of above have deprived Plaintiff of equal employment opportunities and have otherwise adversely affected her status as an employee because of her gender and race.

74. The practices complained of above were intentional.

75. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff suffered actual damages including but not limited to back pay, front pay, losses in compensation and benefits, humiliation, emotional distress, and loss of enjoyment of life in excess of the jurisdictional minimums and to be more fully determined at trial, plus interests and costs.

## DAMAGES

76. As a result of the discrimination and retaliation claimed herein, Plaintiff has suffered actual damages including but not limited to back pay, front pay, losses in compensation and benefits, humiliation, emotional distress, and loss of enjoyment of life in excess of the jurisdictional minimums and to be more fully determined at trial, plus interests and costs.

77. Plaintiff has been irrevocably injured by the discriminatory and retaliatory acts complained of herein. Plaintiff has no other adequate or complete remedy other than this proceeding to have the actions and practices of the Defendant remedied.

78. The actions of the Defendant as described above were intentional, willful, wanton and purposeful such as to entitle Plaintiff to an award of monetary and punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court enter an award:

(a) directing Defendant to pay Plaintiff compensatory damages, including, but not limited to back pay with prejudgment interest, front pay, in addition to lost benefits and other economic losses in an amount that exceeds the jurisdictional minimum of this court sufficient that subject matter jurisdiction is properly vested in the Superior Court division pursuant to N.C.G.S. § 7A-243;

(b) directing Defendant to pay Plaintiff treble damages and punitive damages as against Defendant for its willful retaliatory conduct.

(c) directing Defendant to pay an additional amount to compensate Plaintiff for the emotional distress and reputational damage Defendant's unlawful conduct has caused Plaintiff, an amount that exceeds the jurisdictional minimum of this court;

(d) awarding Plaintiff such interest as is allowed by law;

(e) awarding Plaintiff her reasonable attorneys' fees and costs; and

(f) granting such other and further relief as the Court deems necessary and proper.

## DEMAND FOR JURY TRIAL

The Plaintiff demands trial by jury in this action of all issues so triable.

Dated: May 28, 2024
       Charlotte, North Carolina

                                    Respectfully submitted,
                                    LAW OFFICE OF
                                    CHRISTINE A. RODRIGUEZ

                                    */s/ Christine A. Rodriguez*
                                    Christine A. Rodriguez (NC Bar No. 54143)
                                    15720 Brixham Hill Avenue, Suite 310
                                    Charlotte, North Carolina 28277
                                    Telephone:   (212) 430-6525
                                    Facsimile:    (888) 349-2932
                                    *Attorneys for Plaintiff*